IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| Manetirony Clervrain, | Case No.: 6:21-cv-00021-SAL |
| --- | --- |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Henry McMaster, | |
| Defendant. | |

This matter is before the Court for review of the January 22, 2021 Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 7]. In the Report, the Magistrate Judge recommends the District Court dismiss this action without prejudice and without issuance and service of process and sanction the plaintiff $402.00 for filing this frivolous action. *Id.* Plaintiff filed objections to the Report on March 3, 2021. [ECF No. 14]. Defendant did not reply to Plaintiff's objections, and the time to do so has passed. *Id.* For the reasons outlined herein, the Court adopts the Report in its entirety.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of only those portions of the Report to which specific objections have been made, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific

1

portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. Of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than just a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Heath and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

**DISCUSSION**

Plaintiff's objections are generally stated, nonspecific, and conclusory. A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Here, Plaintiff's objections fail to direct the court to any specific portion of the Magistrate's proposed findings and recommendations. Instead, the objections reassert arguments from the pleadings, generally denounce legal processes, claim Plaintiff's detention was illegal, and ask this Court to grant the Plaintiff access to electronic dockets with citation to irrelevant caselaw as support. *See* [ECF No. 14]. The objections fail to direct this Court to any specific portion of the Report. *See id*. Accordingly, the objections have the same effect as would a failure to object.

Having found that Plaintiff fails to articulate a specific written objection, the Court reviews the entire Report for clear error. *Staley*, 2007 WL 821181, at *1 (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47). After a thorough review of the Report, the applicable law, and the record of this case in accordance with the applicable standard of law, the Court adopts the Report in its entirety and hereby incorporates the Report by reference.

**CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error, adopts the Report, and incorporates the Report by reference herein. Accordingly, this action is DISMISSED without prejudice, without issuance and service of process, and without leave to amend. Further, the Plaintiff is SANCTIONED $402.00, payable to the Clerk of Court at 300 East Washington Street, Greenville, SC 29601, for filing this frivolous action. It is further ordered that, in the event Plaintiff attempts to file another action in this Court before payment of the sanction, the Clerk of Court is authorized to assign civil action numbers (for

docket control purposes) so that the Court may (1) instruct the plaintiff to pay the sanctions (and if the sanctions are not paid, dismiss the action without prejudice and without issuance and service of process) or (2) certify that the action is not frivolous.

IT IS SO ORDERED.

June 23, 2021
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge